UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    PLAINTIFF<br>V.<br><br>ALONZO JAMES MAYO<br>    DEFENDANT | No. 4:24-cr-40011 |

**Motion for Review of Detention**
**and in the Alternative**
**Motion to Reopen Detention Hearing**

COMES NOW Alonzo James Mayo, by and through his attorney William Lester Breedlove of the firm Breedlove Legal LLC and for his motion states as follows:

**Motion for Review of Detention**

1. Defendant was detained by a magistrate judge in a sister district. USA v. Mayo 1:24-mj-00755-ADC-1 at Doc. 15.

2. That order has not been reviewed, either by a district court in Maryland or in the Central District of Illinois.

3. The transcript of that hearing indicates that the magistrate judge found the case to be a close call. USA v. Mayo 1:24-mj-00755-ADC-1 at Doc. 20.

4. The defendant has a right to have the district court review that decision *de novo*. *See* United States v. Schuetz, No. 12-MJ-3046, 2012 WL 3185905, at *2 (C.D. Ill. Aug. 2, 2012)("Once a defendant has been ordered detained by a magistrate judge, 18 U.S.C. § 3145 permits the defendant to file a motion seeking revocation or amendment of the detention order. *See* 18 U.S.C. § 3145. "This [C]ourt considers the issue of detention *de*

*novo.*" *United States v. Francis,* 2001 WL 899635, at *1 (S.D.Ind.2001) (citations omitted). The district court "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Troup,* 2012 WL 1301244, at *1 (N.D.Ind.2012).")

**Motion to Reopen Detention Hearing**

5. A detention hearing may be reopened at the discretion of the trial court. 18 U.S.C.A. § 3142(f)("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.")

6. The defendant has requested the court reconsider the decision of the magistrate judge regarding detention.

7. As the court will read in reviewing the transcript of the detention hearing pursuant to 18 U.S.C. 3145, at the detention hearing, no mention was made to the magistrate judge of the defendant's unique history as an alleged victim of the types of crimes for which he is charged. The court is aware of those issues, in part, as a result of defendants sealed filings in this case. Examination of those issues and their impact on the defendant are factors that have a material bearing on the defendant's risk profile and the safety of others and the community; much information exists that defendant was not previously aware of because he has been through a discovery process—both as a legal term and as a term relating to personal growth—related to his status as an alleged victim.

8. Thus, should the court deny the request filed under 18 USC 3145 to revoke his detention, this court should reopen the hearing to consider additional information.

WHEREFORE, defendant respectfully requests the court conduct consider the defendant's detention *de novo* and revoke the order of detention, and in the alternative reopen the detention hearing for the entry of additional evidence, and any other order the court deems in the interest of justice.

| | |
|---|---|
| By:___/s/William Breedlove<br>William Breedlove<br>Breedlove Legal, LLC<br>622 19th Street<br>Moline, IL 61265<br>309.517.0704<br>william@breedlovelegal.com | **CERTIFICATE OF SERVICE**<br>Pursuant to Rule, counsel hereby certifies that the foregoing was served as follows:<br><br>Via the courts CM/ECF System on May 19, 2025<br><br>__/s/William Breedlove __<br>William Lester Breedlove |